Lomax, J.
delivered the opinion of the court.—The court is of opinion, that the authority of Wortham v. Commonwealth is decisive in sustaining the second count in the indictment in the present case. The case referred to has decided (in conformity to the 16th section of the gaming law) that a house of public resort, whether licensed or not, is a tavern, and consequently is a public place within the terms of the 5th section ; and that it is sufficient that the indictment should, in the terms of the 16th section, charge the gaming to have been committed in a house of public resort, and such charge is as correct as if laid in the words of the 5th section.
In the case now under consideration, the indictment charges (in like manner in the words used by the legislature in the 16th section) that the gaming was perpetrated in “ a house of entertainment;” and it would seem necessarily to be brought, by the legislative definition of a tavern, which is considered a public place, within .the scope of the 5th section, as was the case in Wortham v. Commonwealth.
Whatever complaint may be made of the vagueness of the expression “ every house of entertainment,” and the extent to which that expression may be carried, it *612 was fully competent to the legislative authority to adopt those terms in the widest construction ; and if such appeared to be the design of the legislature, the courts would be bound to conform to it.
There is no occasion, however, for the apprehension that the words “a house of entertainment” can be liable to any dangerous or inconvenient latitude of construction. “A house of private entertainment” is an expression frequently used in the acts of assembly, and though •the word private is used, yet for many purposes such houses are regarded as public. The meaning which the legislature attaches to these terms of description seems not liable to misconstruction. Nor does the expression seem more liable to misconstruction when the word private is dropped, and the house of entertainment is declared to be a tavern.
It is objected in this case, that the defendant having been acquitted upon the first count in the indictment, which charged the gaming to have been committed “ at the house of John Nicely, the same being then and there a place of public resort,” it is apparent that the house of entertainment where the defendant, under the second count, was convicted of playing, could not have been a public place. This objection assumes, that all the of-fences charged in the indictment must necessarily have been the same, and that no evidence was offered but of one and the same offence. This, the court thinks, is contrary to the intendment of the law, by which each offence in each count of the indictment is to be regarded as a separate, distinct offence, at least until it be shewn that there was only one offence. There is nothing in this record to shew that that was the case.
The court is of opinion that there is no error in the proceedings, and therefore refuses the writ of error prayed for.